DA 10-0599

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 222N

QUENTIN M. RHOADES, CHRISTOPHER V. FAGAN, and
THE LAW FIRM OF SULLIVAN, TABARACCI & RHOADES, P.C.,

      Intervenors and Appellants,

  v.

JAMES C. MURRAY and ALLISON B. MURRAY,
husband and wife, and HOWARD C. BRAND, JR.,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV 09-691
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

            Quentin M. Rhoades and Christopher V. Fagan, Sullivan, Tabaracci &
Rhoades, Missoula, Montana

      For Appellees:

            Terance P. Perry, Datsopoulos, MacDonald & Lind, P.C., Missoula,
Montana (Murrays)

            Howard C. Brand, Jr., self-represented, Desert Hot Springs, California

Submitted on Briefs:   August 3, 2011
Decided:   September 7, 2011

Filed:

                                  Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Quentin Rhoades, Christopher Fagan, and the law firm of Sullivan, Tabaracci & Rhoades, P.C. (collectively Law Firm), appeal from an order of the Twenty-First Judicial District Court, Ravalli County, denying their motion to intervene and enforce their attorney's lien against Howard Brand, Jr. (Brand), and James and Allison Murray (Murrays).

¶3     The sole issue on appeal is whether the District Court erred in denying the Law Firm's motion to intervene and enforce its attorney's lien. We affirm on the basis that the Law Firm's motion to intervene was untimely.

¶4     The Law Firm represented Brand in a lawsuit between Brand and Murrays, Brand's daughter and son-in-law. While the lawsuit was pending, Brand discharged the Law Firm on September 12, 2010. On September 16, the Law Firm filed a motion to withdraw as counsel and filed notice of its attorney's lien. On September 23, Brand and Murrays jointly filed a motion to dismiss their cases against each other with prejudice. The District Court granted the Law Firm's motion to withdraw as counsel and Brand and Murrays' motion to dismiss with prejudice on September 28. The next day, the Law Firm filed a motion to intervene in order to enforce its attorney's lien. The District Court subsequently denied the motion. The Law Firm appeals.

2

¶5    This Court reviews a district court's ruling on a motion to intervene for an abuse of discretion. *Aspen Trails Ranch, LLC v. Simmons*, 2010 MT 79, ¶ 29, 356 Mont. 41, 230 P.3d 808. A district court commits an abuse of discretion "when it acts arbitrarily, without the employment of conscientious judgment, or exceeds the bounds of reason[,] resulting in substantial injustice." *Aspen Trails Ranch*, ¶ 29.

¶6    M. R. Civ. P. 24(a) provides, in relevant part, "[u]pon *timely* application anyone shall be permitted to intervene in an action . . . ." (Emphasis added.) Whether a motion to intervene is timely is a question largely committed to the discretion of the district court. *In re Adoption of C.C.L.B.*, 2001 MT 66, ¶ 23, 305 Mont. 22, 22 P.3d 646. The following four factors are considered in determining whether a motion to intervene is timely: (1) the length of time the intervenor knew or should have known of its interest in the case before moving to intervene; (2) the prejudice to the original parties, if the intervention is granted, resulting from the intervenor's delay in moving to intervene; (3) the prejudice to the intervenor if the motion is denied; and (4) any unusual circumstances affecting the determination of whether the motion is timely. *Adoption of C.C.L.B.*, ¶ 24. None of the above factors alone are dispositive. *Adoption of C.C.L.B.*, ¶ 24.

¶7    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are ones of judicial discretion and there clearly was not an abuse of discretion. The District Court acted well within its discretion in denying the Law Firm's motion as untimely. The Law Firm waited until the underlying action was dismissed with prejudice

3

before filing its motion to intervene. Granting the tardy motion would have prejudiced the original parties by forcing them back into litigation over a matter that was not related to the original proceedings. The Law Firm cannot assert prejudice in the denial of its motion to intervene because it can still seek arbitration of the fee dispute or bring an independent action to enforce its attorney's lien.

¶8     Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS

4